CLERK, U.S. DISTRICT COURT
RECEIVED
MAY 10 2019
EASTERN DIST. OF TEXAS

Rosfel Garza
TDCJ-ID 01181215
H.H. Coffield Unit
2661 F.M. 2054
Tennessee Colony, TX. 75884

May 6th, 2019

TO: Honorable Judge Ron Clark
U.S. District Judge
U.S. District Court of the
Eastern District of Texas
211 W. Ferguson St., RM. 106
Tyler, TX. 75702

RE: Reinstatement of Case: 6:14-cv-00336-RC-JDL

Honorable Judge,

My name is Rosfel Garza, TDCJ-ID 01181215 and I am currently confined at the H.H. Coffield Unit in Tenessee Colony, Texas. I am corresponding with you at this time, first, to thank you for your service with the afore mentioned case. Secondly, and even more importantly, I need to report a breach of contract that has been continually been causing me grief and suffering.

In the case, (Garza v. Lorie Davis, Et al), a settlement was reached with the defendant(s) in November of 2017. However, The unit Head Chaplain, A. Barker, has repeatedly tried to subvert the settlement agreement by attempting to alter is, even though TDCJ Chaplaincy Director Michael Rutledge confirmed the terms of the settlement

The Head Chaplain, A. Barker has even gone so far as making alligations against me and wrote an erroneous case against me as a form of retaliation for my refusal to agree to alter the agreement to better suit what he wants, even though his boss, Michael Rutledge agreed to the terms as they are. Chaplain Barker refused to adhere to the settlement, in which I had to ]utilize TDCJ's grievance procedures in 2018, in which the grievance department, in order to uphold the integrity of TDCJ officers and staff, refused to investigate my complaint.

The unit Warden, Michael Britt confirmed and approved the religious headware that was part of the settlement in order for me to exercise my 1st Amendment right to worship. A step 1 and step 2 appeal was filed against the Chaplain on two different occassions (2018136549 and 2019083231) with only getting a notice of extension in order for the grievance investigator to look into the matter in an attempt to subvert any time frame that may be necessary for me to file action again.

On May 3rd, 2019, Chaplain Barker called me to his office in another attempt to coerce me to conform to what he demanded rather that followed the outlined settlement with his duperiors. When I refused again, he told his chapel workers to leave his office, he locked the door and tried to coerce me into having a physical altercation with him, in which I still refused.

He falsified an officail document to say that I had an altercation with him, and the way the disciplinary court works here, they are bias and any effort I bring to bring out the true is don so to my detriment.

My only recourse is to now plead with your Honor to please reinstate the afore-mentioned cause due to a member of the defendants trying to alter the contract/settlement after it had already been signed as is an approved by Chaplain Barker's superiors. Those over him refuse to address the issue and have repeatedly denied contacting me back.

Please Honorable Judge Clark, I implore you to please reinstate the cause due to the Defendant's breach of the contract/settlement.

Thank you in advance for your attention to this matter. I hope and pray that you are able to assist me in resolving this matter before those of the defendants begin retaliating in more violent forms that they have done to me in the past.

Respectfully Submitted on this 6th day of May, 2019,

Rosfel Garza
TDCJ-ID 01181215
H.H. Coffield Unit
2661 F.M. 2054
Tennessee Colony, TX. 75884

# Texas Department of Criminal Justice

**OFFICE USE ONLY**

Grievance #: ______

Date Received: ______

Date Due: ______

Grievance Code: ______

Investigator ID #: ______

Extension Date: ______

Date Retd to Offender: ______

## STEP 1 ~~OFFENDER~~ GRIEVANCE FORM

'NOTICE'
('SPECIALTY GRIEVANCES')

~~Offender~~ Name: Rosfel Garza TDCJ # 01181215

Unit: Coffield, CO.006 Housing Assignment: G-209

Unit where incident occurred: CO.006 Unit Warden Catoe, & Administration; (c.c: Filed Breach Contract) Director of Chaplaincy & Administration; etc.

You must try to resolve your problem with a staff member before you submit a formal complaint. ~~The only exception is when appealing the results of a disciplinary hearing.~~

~~Who did you talk~~ to (name, title)? Under Federal Jurisdiction When? 05-03-2019

~~What was their response?~~ Rosfel Garza V. Lorie Davis, Director of T.D.C.J.-Correctional Institutions Division,

~~What action was taken?~~ Civil Action No. 6:14-cv-00336 / Compromise and Settlement Agreement, etc.

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

NOTICE: Unit Warden Catoe, J., and his administrations for violation of a well informed Compromise and Settlement Agreement: Garza v. Davis, Director of T.D.C.J. correctional institutions division, that was subscrided and sworn on [November, 2017]. This federal contract or agreement was violated under Warden Catoe's responsibility and allowed several months of retaliation against a federal agreement to and inmate's religion becoming discrimination over 1 to 2 years of refusing to address & correct a [legal religious issues] knowingly that he (Catoe) has the authority and is informed of the 'law of the land', that TDCJ-Agencies will never have the authority to create a policy into existence that violate a federal contract agreement, that policy has 'NO' effects on Contract federal jurisdiction (Kufi policy). In the year of (2018), Unit Chaplain Barker did refused the TDCJ-Settlement, see Griev. Step #1, #2018136549, however, the Director of Chaplaincy, (Michael E. Rutledge) did acknowledged the federal contract, see Griev. Step #2, #2018136549. The Unit Chaplains refused the grievance procedure and to give the order to allow me the Turban with the Kufi, and remember TDCJ did not make kufi nor did that policy exist. After several I-60 forms on August 28, 2018 devotional form was submitted with NO response! It was in the year (2019) where one of the [Ass. Warden] responsed to my complaint and address TDCJ-Settlement by signing the approval for Turban with Kufi and Rug, beads. Then Unit Chaplains tryed to Altered the approval and federal Contract, Turban 'without' Kufi and Barker stated step #1, #2019083231, under his discretion TDCJ-Policy only allows one headwear, that statement is against the Director of Chaplaincy in 2018 see step #2 2018136549. In 2019 step #2 was filed (03-06-2019) than NOTICE of Extension was issued on (4-17-2019). In and act of [Retaliation & discrimination] Chaplain Barker called me out and trying to Altered the federal Contract and approval form than tryed to make me go into a 'physical fight' where I refused and lock me up by using misleading information on a disciplinary report, due to the grievances I filed on

I-127 Front (Revised 11-2010) YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM (OVER)

MAY 06 2019

Appendix F

Unit Chaplain Barker. In lock-up some of my items were lost like my Radio, etc. With respect Unit Warden Catoe and administration have fail to honor and protect the TDCJ-Settlement and myown safety: retaliation, discrimination, mistreatment, etc. I only asked, what the federal Contract allows, for me to have the right items to be able to worship (God) and I am being punished for my religion in my faith.

I now request a [de novo] review of step #1 claims, to ensure that all my valued rights are respected and protected, respectfully submitted,

R. Shazz #01181215
05-03-2019

Action Requested to resolve your Complaint. All-Rights are reserved for Federal Procedure; NOTICE is filed; and for Warden Catoe to inform, Lorie Davis, Director of T.D.C.J.-Correctional Institutions Division, that Compromise & Settlement Contract is 'Breach' with two years of retaliation; I will file in federal Court.

~~Offender~~ Signature: Raszel Shazz -Islam Sufi & Hanafi Moslem Date: 05-03-2019

**Grievance Response:**

**Signature Authority:** ______________________ **Date:** __________

**If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.**

**Returned because:** ***Resubmit this form when the corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☒ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☒ 5. No documented attempt at informal resolution. *
- ☒ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #__________
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** R Cox / RCox INV III

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** ______________________

**OFFICE USE ONLY**

Initial Submission UGI Initials: RC
Grievance #: 2019118126
Screening Criteria Used: #3,5,6 199
Date Recd from Offender: MAY 06 2019
Date Returned to Offender: MAY 06 2019

**2nd Submission** **UGI Initials:** ______
Grievance #: ______
Screening Criteria Used: ______
Date Recd from Offender: ______
Date Returned to Offender: ______

**3rd Submission** **UGI Initials:** ______
Grievance #: ______
Screening Criteria Used: ______
Date Recd from Offender: ______
Date Returned to Offender: ______

Rafel Garza
TDCJ-ID 01181215
H.H. Coffield Unit
2661 F.M. 2054
Tennessee Colony, TX.
75884

NORTH TEXAS TX P&DC
DALLAS TX 750
08 MAY 2019 PM 7 L

FOREVER / USA

CLERK, U.S. DISTRICT COURT
RECEIVED
MAY 10 2019
EASTERN DIST. OF TEXAS

United States District Court
of the Eastern District of Texas
Tyler Division
211 W. Ferguson St., RM. 106
Tyler, Texas 75702

"Privileged Legal Mail"

75702-722231